## Commonwealth ex rel. v. Gygax

*John V. Diggins*, for relator.

*John R. Graham*, for respondent.

SWENEY, J., December 6, 1950.—On May 10, 1949, a writ of habeas corpus was allowed, returnable May 20, 1949. This writ was issued for the purpose of determining who should have custody of two minor children, Stephen Loomis, aged six years, and Thomas Loomis, aged five years. On the return day, counsel appeared before the court and stated that an agreement had been reached and that, in due course, an order would be presented to the court for signature.

On March 9, 1950, a rule was allowed, returnable March 13, 1950, to show cause why respondent should not be adjudged in contempt. On March 16, 1950, a hearing was held. The pertinent facts, there developed, were that the parties hereto were husband and wife and became the father and mother of the two minor children; the marriage was not a success; relator returned from service in the Army to find the children living with his wife and her parents; on January 2, 1948, respondent procured a divorce from relator; in six months, relator married again and, in about a year, respondent remarried; custody of the children remained with the mother; sometime prior to May 10, 1949, relator heard that respondent was leaving the country with her new husband and the children and this writ of habeas corpus was requested.

No order has ever been filed in this case, thereby determining the custody of these children. The record shows that counsel attempted to agree but, when respondent left in October 1949, no agreement had been reached. This being the case, there is no order or decree of this court upon which a contempt proceeding can be predicated. As a consequence, the contempt petition must be dismissed.